## RICHARDSON v. TRAVELERS' INS. Co.

*(Circuit Court, N. D. Illinois. June 22, 1891.)*

**LIFE INSURANCE—LIABILITY—DEATH FROM INHALING GAS.**
Under an insurance policy which exempts the company from liability in case of death caused by inhaling gas, recovery cannot be had in case of death caused by the inhalation of illuminating gas, where it is uncertain whether the death was result of an accident or of suicide.

At Law.
*Runyan & Runyan,* for plaintiff.
*C. C. Bonney* and *Lyman M. Paine,* for defendant.

BLODGETT, J. This is a suit on a policy issued by defendant, whereby it assured the life of Frederick Richardson, the husband of plaintiff, against death by accident, in the sum of $6,000, payable to plaintiff. The proof shows that Mr. Richardson died at the Hotel Grace, in the

city of Chicago, on the 12th day of September, 1889, and while the policy was in full force, and that his death was caused by inhaling illuminating gas. The proof shows that he was a guest of the hotel, was assigned a room to which he retired during the evening, and the next morning was found dead in his room, with illuminating gas escaping freely from one of the gas burners in the room; and it is conceded that he died from the inhalation of this escaping gas, and that there was no visible mark of violence or injury upon his body. It is also conceded that due notice and proof of his death was given defendant in apt time, as required by the terms of the policy. Defendant denies liability, on the ground that the death of the assured did not occur from a cause which makes it liable under its contract of assurance. The policy, in terms, insures against death resulting alone from external, violent, and accidental means, and making the liability of defendant subject to certain exceptions and conditions, among which are the following:

"(4) This insurance does not cover disappearances; nor suicides, sane or insane; nor injuries of which there is no visible mark upon the body; nor accident, nor death, nor loss of limb or of sight, nor disability, resulting wholly or partly, directly or indirectly, from any of the following causes, or while so engaged or affected: * * * Taking poison; contact with poisonous substances; inhaling gas."

It seems very clear to me that, on the admitted facts in this case, defendant cannot be held liable. It is admitted that the death of the assured was caused by the inhalation of illuminating gas. There was no visible sign of violence or external injury on his body. The proof shows that, when found dead, he was lying upon his side in his bed, as if asleep, with no distortion of limb or features, or other evidence of violence, pain, or suffering. Plaintiff relies for recovery entirely on *Paul* v. *Insurance Co.*, 112 N. Y. 472, 20 N. E. Rep. 347, where, under a policy precisely like this in its terms, the court held that the defendant, "in expressing its intention not to be liable for death from inhaling of gas, can only be understood to mean a voluntary and intelligent act by the insured, and not an involuntary and unconscious act. Read in that sense, and in the light of the context, these words may be interpreted as having reference to medical or surgical treatment in which, *ex vi termini*, would be included the dentist's work, or to a suicidal purpose." The reasoning by which that court reached its conclusion is not satisfactory to my mind. The language of the policy is so clear as to require no construction. The words are unequivocal that the defendant does not insure against death caused by inhaling gas. There is nothing in the terms of the policy intimating or suggesting that the inhalation of gas must be voluntary or involuntary in order to exempt defendant from liability. That the defendant had the right to so limit its liability there can be no doubt. All the plaintiff's rights in this action arise under the policy. It constitutes the only relation between the parties. If the policy does not, by the fair and natural import of its words, give a right of action under the facts, then the plaintiff has no right of action. It seems to me, and that, too, without regard to the testimony which de-

fendant has put into the case, that the clause under which defendant claims exemption from liability was expressly adopted because of the impossibility, in most cases of death by the inhalation of gas, to decide whether the death was occasioned by the inhalation of gas with suicidal intent or whether it occurred accidentally. What I mean is, that a suggestion from the attorney of the defendant that this was the reason for inserting this clause in the policy is as persuasive to the mind as the sworn testimony which defendant has offered as to such reason, because it suggests a reasonable explanation why the clause is there. This case can also, as I think, be differentiated from the case cited by plaintiff, in this: that in that case it was found as one of the facts that the death of the assured was occasioned by accidental means. Here the proof will allow no such finding. It leaves the fact wholly unsettled as to whether the death of Mr. Richardson was the result of accident, or whether it was occasioned by his suicidal act and intent. The issue is found for the defendant.